## MAHONY *v.* UNGRICH *et al.*

### (*Superior Court of New York City, General Term.*    May 4, 1891.)

1. REAL-ESTATE AGENT—COMMISSION.

In an action to recover an agreed compensation for services rendered in securing a purchaser for real estate, the testimony of the purchaser and the admission of defendant in the presence of a witness, that the purchaser's attention was directed to the property by plaintiff, entitles the latter to compensation.

2. AGENCY—RATIFICATION.

A co-owner of property ratifies the employment by the other owner of a person to procure a purchaser therefor by uniting in a deed required by a contract of sale of the property, made by the other owner with a purchaser procured by such person, and is jointly liable for the commission to be paid such person.

Appeal from special term.

Action by Daniel Mahony against Louis Ungrich and Louis K. Ungrich and another to recover $675 for services rendered to the defendants in procuring a purchaser for their property on the north-west corner of Ninth avenue and Seventeenth street, at $67,500.    The plaintiff is not a broker, and relied upon a special agreement to pay him 1 per cent. commission.    The defendants conceded that they sold the property to one Robert Blackburn for $67,500, and defended upon the ground that they never employed the plaintiff, never promised to pay him a commission, and on further ground that he was not the procuring cause of the sale.    Upon the conclusion of the evidence on the part of the plaintiff, the defendants' counsel moved to dismiss the complaint on the general ground that no cause of action had been proved, and that it affirmatively appeared that the plaintiff was not the procuring cause of the sale, and upon the further ground that no cause of action had been established against Louis and Louisa Ungrich, two of the three defendants.    The

complaint was dismissed as to Louisa Ungrich, and the motion to dismiss as to Louis and Louis Kossuth Ungrich was denied. The trial proceeded against these two defendants, and resulted in a verdict in favor of the plaintiff for $722.24, the amount claimed and interest. A motion for a new trial on the minutes was made and denied, and the two defendants named appeal from the judgment and order.

Argued before SEDGWICK, C. J., and MCADAM, J.

*E. P. Orrell,* for appellant Louis Ungrich. *Johnston & Johnston,* for appellant Louis K. Ungrich. *Jeroloman & Arrowsmith,* for respondent.

MCADAM, J. The plaintiff proved that he had a conversation with Louis K. Ungrich, one of the defendants, at which he was employed on their behalf to find a purchaser for the property in question, under an agreement that he was to be compensated for his services at the rate of 1 per cent. upon the selling price. That, acting under this employment, he called the attention of Blackburn to the property, and placed him in communication with the defendants, and that his efforts eventuated in the sale to Blackburn at $67,500. Blackburn, the purchaser, was next called as a witness, and testified that his attention was first called to the property by the plaintiff, and in effect that he was the procuring cause of the sale subsequently made. Indeed, Louis K. Ungrich admitted in the presence of the witness Quinn that the plaintiff was the inducing cause of the sale, and the proof on this subject is emphatic. The plaintiff having proved (1) his employment to sell; (2) a special agreement to pay him for his services at the rate of 1 per cent. on the selling price; (3) a sale through his efforts to Blackburn at $67,500,—established a clear cause of action against Louis K. Ungrich, and the only remaining question is whether the obligation is to be enforced against him alone or jointly with his brother and co-owner, Louis Ungrich. The evidence shows that Louis K. Ungrich had authority to sell the property. He did sell it, and executed the contract of sale on his own behalf and as agent of his brother, Louis. Louis ratified the sale by joining in the execution of the deed required by the contract. The property was placed in the hands of several brokers by Louis K. Ungrich, to the knowledge of his brother, and inferentially by his approval. The circumstances stated were sufficient to authorize a finding that Louis K. Ungrich had authority from his brother to employ assistance in effecting a sale of the property, and to make any contract for the payment of the customary brokerage charges. It is impossible to lay down any inflexible rule by which it can be determined what evidence shall be sufficient to establish an agency in any given case, but it may be said in general terms that whatever evidence has the tendency to prove the agency is admissible, even though not full and satisfactory, as it is the province of the jury to pass upon and determine what weight it is entitled to receive. *Bickford* v. *Menier,* 36 Hun, 446; *Haywood Co.* v. *Burns,* 15 N. Y. St. Rep. 570; *Leslie* v. *Knickerbocker I. Co.,* 63 N. Y. 27. The case was carefully submitted to the jury, and they found the facts in favor of the plaintiff. The evidence satisfactorily sustains their verdict, and the judgment entered upon it, and the order denying the motion for a new trial, must be affirmed, with costs.